IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 8 2014

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| DR. SACHA L. BETTS and PROMED RX, PLLC | § § § § | CIVIL ACTION |
| v. | § § § | FILE NO. |
| CITY OF SUGAR LAND, TEXAS | § § § § | JURY DEMANDED |

## ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, Dr. Sacha L. Betts ("Betts") is a citizen of the United State and resides in Houston, Harris County, Texas.

2. ProMed Rx, PLLC ("ProMed"), is a Texas professional limited liability company, formed under the Texas Limited Liability Act, and duly authorized to conduct business within the state of Texas.

3. Defendant, City of Sugar Land, Texas is a Texas state entity and municipality located in Fort Bend County, Texas. Defendant may be served with process by serving its City Attorney, Mayor, or other agent as provided by applicable laws.

1

## B. Jurisdiction

4. The Court has jurisdiction over the lawsuit because the suit arises under 42 U.S.C. §1983, the U.S. Constitution, and the Constitution of the State of Texas. Defendant has engaged in discriminatory acts against Plaintiff Betts based solely upon her protected classification as female or an African American.

5. The Court has jurisdiction over the lawsuit because the suit arises under Article 1, Section 8 of the U.S. Constitution. Defendant's policies and procedures have resulted in an unreasonable restraint on interstate commerce.

6. The supplemental jurisdiction of this court is invoked pursuant to 28 U.S.C. §1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

## C. Venue

7. Venue is proper in this district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. In particular, the very acts which give rise to racial and gender discrimination; as well as policies which have resulted in unreasonable restraints on interstate commerce occurred in this district.

## D. Conditions Precedent

8. All conditions precedent have been performed or have occurred, including providing requisite statutory notice to Defendant.

## E. Facts

9.  Plaintiff Betts is a licensed pharmacist pursuant to the applicable Texas State laws, and has been since on or about October 14, 2005.

10. Plaintiff ProMed is a Texas state entity duly authorized to operate as a licensed pharmacy pursuant to the applicable state laws of Texas, and has so operated since on about July 2010.

11. Plaintiff Betts is the sole member of Plaintiff ProMed.

12. Plaintiffs lawfully make available for purchase by residents of Texas, goods or services generated within the State of Texas, and from other state from within the United States, and other foreign countries.

13. Beginning on or about September 2010, and continuing consistently thereafter, Defendant has orchestrated and campaign of discrimination and harassment.

14. Additionally, beginning on or about September 2010, and continuing consistently thereafter, Defendant has orchestrated and campaign design specifically, or resulting in, the significant and material impedance of interstate commerce to the detriment of Plaintiffs.

15. Defendant's Police Department routinely parks its company vehicles in front of Plaintiffs place of business blocking the entrance, inhibiting Plaintiff's customers from entering and existing Plaintiff ProMed; for the sole purpose of preventing or significantly restringing the customers who desire to patronize Plaintiff ProMed.

3

16. Defendant's Police Department's consistent presence in and around Plaintiff ProMed, including regularly entering ProMed for non-business reasons, is done solely to intimidate Plaintiff Betts, and Plaintiff ProMed for purposes of driving Plaintiffs out of business.

17. Additionally, and with almost certainty, Defendant's Police Departments, without probably cause, stops, intimidates, and harasses (even up to and including arresting) Plaintiff ProMeds' customers for the sole purpose of preventing or deterring Plaintiff ProMed's customers from doing business with Plaintiff ProMed.

18. A national majority owned CVS pharmacy exist across the street from the Plaintiff ProMed, and Defendant's Police Department neither prevent, deter, harass, intimidate, or arrest CVS's pharmacy customers; pharmacy customers who in many cases are acquiring the same or similar pharmaceuticals as Plaintiff ProMed's customers.

19. Defendant's Police Department has unlawfully stopped Plaintiff ProMed's customers and has advised said customers that '(Plaintiff) ProMed is a 'pill mill' and what we are going to shut them down!'

20. Defendant's Police Department has gone as far as forcing Plaintiff ProMed's customers to produce their prescriptions and medical records, and then said police officer would take a pictures of said prescriptions and medical records – in violation of federal HIPPA laws.

4

### F. Count 1 – Race and Gender Discrimination – Violation of 42 U.S.C. §1983

21. Paragraphs one through twenty are incorporated by reference as if set forth directly herein.

22. Defendant has discriminated against Plaintiff Betts because of Plaintiff Betts' race and gender.

23. Defendant's acts unlawful discrimination are in violation of 42 U.S.C. §1983 in that they constitute a deprivation of rights, privileges and immunities secured by the U.S. Constitution by persons acting under color of State law, the Fourteenth Amended of the U.S. Constitution and Texas State Constitution.

### G.   Count 2 – Unreasonable Constraints on Interstate Commerce in violation of Article 1, Section 8 of the U.S. Constitution

24. Paragraphs one through twenty are incorporated by reference as if set forth directly herein.

25. Defendant's unlawful acts are designed and orchestrated for the sole purpose of unreasonably restricting interstate commerce; with the ultimate end goal of putting Plaintiffs out of business.

26. Defendant's acts were either de facto or de jure laws, policies, or rules which resulted in, and continue to result, in a systematic and continuous unreasonable restriction on interstate commerce in violation of Article 1, Section8 of the U.S. Constitution.

## H. Damages

27. As a direct and proximate result of Defendant, City of Sugar Land's conduct, Plaintiffs suffered the following injuries and damages:

    a. Loss of net profits in excess of $3,000,000.00;

    b. Business disparagement and loss of good will;

    c. Emotional distress;

    d. Consequential Damages; and

    e. General and special Damages, including punitive damages of $35,000,000.00.

## I. Attorney Fees & Costs

28. Plaintiffs are entitled to an award of attorney fees and costs pursuant to applicable federal statutory provisions.

## J. Prayer

29. For these reasons, Plaintiffs Dr. Sacha L. Betts and ProMed Rx, PLLC pray for judgment against Defendant City of Sugar Land for the following:

    a. Actual damages in excess of $3,000,000.00;

    b. Consequential Damages;

    c. Special Damages;

    d. Attorneys' Fees;

    e. General and special Damages, including punitive damages of $35,000,000.00.

f.    And all other relief in either law or equity.

Respectfully submitted,

**Daniel Williams & Associates, PLLC**

By:   /s/ Eric L. Rhodes
By: Eric L. Rhodes
Federal Id. 34798
State Bar No. 24025611
405 Main Street, Suite 455
Houston, Texas 77002
Telephone:  (713) 229.9997
Facsimile:  (281) 501.6777
ATTORNEY FOR PLAINTIFFS